UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY ROBERT AVILA, ) | 1:09-CV-00948 SMS HC |
| Petitioner, ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. ) | |
| ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| DERRAL G. ADAMS, Warden, ) | |
| Respondent. ) | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to exercise of Magistrate Judge jurisdiction.

On June 1, 2009, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner claims he is not being allowed to earn day-for-day credits against his sentence in violation of his due process rights.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner fails to state a cognizable federal claim. He argues that the California Department of Corrections and Rehabilitation has wrongfully denied his request to earn day-for-day credits as allowed under the California statutes. Although he claims a violation of his equal protection and due process rights, his claim is purely a question of state law, and generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991)

1  ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "),
2  *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993)
3  (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a
4  constitutional violation, may not be corrected on federal habeas"). Federal courts are bound by state
5  court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.),
6  *cert. denied*, 493 U.S. 942 (1989). Although Petitioner alleges a violation of the Constitution, his
7  broad assertion does not transform this claim into a federal one. Merely placing a "due process" label
8  on an alleged violation does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1386,
9  1388-89 (1996).

10  Moreover, it is abundantly clear that Petitioner's claim is without merit. As set forth in the
11  decision of the superior court, Petitioner is statutorily barred from earning day-for-day credits. See
12  Petition, Exhibit H. Pursuant to Cal. Penal Code §§ 2933.1(a) and 667.5(c)(12), anyone convicted of
13  attempted murder may not earn day-for-day credits. Petitioner was convicted of first degree
14  attempted murder, among other things. See Petition at 2. Therefore, the petition must be dismissed.

15  C.  Certificate of Appealability

16  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
17  district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-
18  El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue
19  a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

  If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

  In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

  Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

2. The Clerk of the Court is DIRECTED to enter judgment and close the case; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:** **April 27, 2010**     /s/ Sandra M. Snyder
                 UNITED STATES MAGISTRATE JUDGE